IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SARAH ELLIS AND ANNETTE JACKSON, Individually and on Behalf of All Others Similarly Situated, § § § § § § **Plaintiffs,** § § **v.** § § UNIVERSAL CABLE HOLDINGS, INC. § D/B/A SUDDENLINK § COMMUNICATIONS AND ALTICE § USA, a subsidiary of ALTICE N.V. D/B/A § SUDDENLINK COMMUNICATIONS § **Defendants.** | **FLSA Collective Action Pursuant to 29 U.S.C. § 216(b)** <br><br> **Civil Action No. 16-1289** <br><br> **Jury Demanded** |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Sarah Ellis and Annette Jackson, and on behalf of themselves and all others similarly situated ("Plaintiffs" and "Class Members" respectively herein) bring this Fair Labor Standards Act ("FLSA") suit against Universal Cable Holdings, Inc. and Altice USA, a subsidiary of ALTICE N.V. d/b/a Suddenlink Communications (collectively "Suddenlink" or "Defendants") and show as follows:

### I.   SUMMARY

1.  Suddenlink violates the Fair Labor Standards Act ("FLSA") by failing to pay proper overtime wages to thousands of telephone-dedicated employees who perform work for the company both before and after their assigned work shifts and were paid sales commissions in addition to their hourly wages. Suddenlink manages customer interaction for Suddenlink's clients by staffing its call centers with telephone-dedicated agents who make calls to and receive calls from customers and potential customers of Suddenlink. The thousands of telephone-dedicated

employees who work in Suddenlink's customer contact centers/call centers are the backbone of the services Suddenlink provides to its clients. However, Suddenlink's policy, pattern, or practice is to pay its telephone-dedicated contact center agents [only for the time they are logged into their phone systems and available for answering calls.] The systematic failure to pay for unrecorded and routine work activities adds up to thousands of dollars per year in unpaid wages and overtime wages for each of these employees. Additionally, Suddenlink failed to include the sales commission in its calculation of Plaintiffs and the putative class' overtime wages. This failure to include the sales commissions in the calculation of the regular rate for the purpose of paying overtime wages constitutes a violation of the FLSA.

2.  Plaintiffs Ellis and Jackson (Plaintiffs) are telephone-dedicated employees who have been victimized by Suddenlink's unlawful pattern or practice with respect to overtime pay. As permitted by the FLSA, Plaintiffs bring this collective action to recover the unpaid wages owed to them as individuals and as representatives for all other similarly situated employees (the "Class Members" or the "telephone-dedicated employees"). 29 U.S.C. § 216(b).

3.  On Friday, December 18, 2015 the Securities and Exchange Commission approved the $9.1 billion sale of U.S. regional cable company Suddenlink Communications to European telecoms group Defendant, Altice N.V. Prior to that date, Suddenlink Communications was owned and operated by Defendant Universal Cable Holdings, Inc.

## II.  JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.  Venue is proper in the Eastern District of Texas because a substantial portion of the events forming the basis of the suit occurred in this District.

## III. THE PARTIES

6. Plaintiff Sarah Ellis lives and/or worked for Defendants in this judicial district. Her written consent to this action is attached at Exhibit A.

7. Plaintiff Annette Jackson lives and/or worked for Defendants in this judicial district. Her written consent to this action is attached at Exhibit B.

8. The "Class Members" and "telephone-dedicated employees" are those telephone-dedicated employees / contact center agents who make calls to and receive calls from customers and potential customers of Suddenlink's clients in Suddenlink's call centers/customer contact centers ("Call Centers"). These call centers are located in Tyler, TX; Greenville, NC; Parkersburg, WV; Lubbock, TX; St. Joseph, MO; and Lake Havasu City, AZ. These employees are similarly situated to Plaintiffs in that their relevant job duties (the "additional work") and pay provisions (hourly plus commission) are similar to Plaintiffs. Several of the Class Members have come forward and expressed an interest in participating in this case as opt-in plaintiffs. The written consents of some of these individuals will be filed with the Court.

9. Defendant Universal Cable Holdings, Inc. is an Ohio corporation licensed to do business in Texas and can be served by serving its Registered Agent, CT Corporation., 350 N. St. Paul Street, Dallas, Texas 75201.

10. Upon information and belief, Altice N.V. is a corporation organized and existing under the laws of the Netherlands with a place of business at Prins Bernhardplein 200, 1097 JB Amsterdam, Netherlands. Upon information and belief, Altice N.V. is the current owner and operator of Suddenlink Communications, which currently operates the call centers.

11. Upon information and belief, Altice USA is a corporation organized and existing under the laws of Delaware, with a place of business at 1111 Stewart Ave., Bethpage, NY 11714, and can be served through its registered agent at Corporation Service Company, 2711 Centerville

Rd., Suite 400, Wilmington, DE 19808. Upon information and relief, Altice USA is the Amercian Operating unit of Altice, N.V.

12. Suddenlink operates facilities at which Plaintiffs were employed in Tyler, Texas.

## IV. COVERAGE

13. At all times hereinafter mentioned, Suddenlink has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, Suddenlink has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Suddenlink has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because Suddenlink has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. 29 U.S.C. § 203(s)(1). Further, Suddenlink has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL BACKGROUND

17. Suddenlink employs telephone-dedicated employees to interface with customers and potential customers of Suddenlink' clients. These telephone-dedicated employees work in the customer contact centers/call centers identified in Paragraph 8. These telephone-dedicated employees are the backbone of the services Suddenlink provides to its clients. Suddenlink pays its telephone-dedicated employees on an hourly basis and a sales commission in addition to their

hourly wages. Suddenlink pays overtime wages for hours worked over forty (40) in each workweek. However, Suddenlink did not include the job bonuses in calculating the operator's regular rate; therefore, the overtime wages were improperly calculated resulting in the underpayment of overtime wages.

18. Suddenlink employees are expected to arrive at work early in order to be ready to answer phones at the beginning of their assigned phone shift times. Each day, prior to beginning their duties, the telephone-dedicated employees are required to prepare for their day's work by, among other things: Locating a workstation, powering up the necessary electronic equipment, booting up a variety of computer programs, logging into the necessary programs, initializing and accessing customer interfaces, initializing and accessing portal systems, starting up and connecting to Suddenlink-specified systems to assist customers, and checking the relevant alerts and e-mails. The telephone-dedicated employees are required to perform this work in order to be prepared and able to service the caller at the moment the Plaintiffs log onto their phone systems to take calls. The work performed prior to and after Plaintiffs' time working on the phones was/is substantial and for the significant benefit of Defendants, necessary to the business of Defendants, and conducted in the normal course of Defendants' business.

19. The telephone-dedicated employees are required to do work after their day's duties as well. This includes the completion of paperwork related to their phone work activities and other activities such as closing down the various computer and telephone systems used while working on the phone. Like the compensable preparatory work activities, these post-shift concluding activities were/are substantial and for the significant benefit of Defendants, necessary to the business of Defendants, and conducted in the normal course of Defendants' business.

20. The additional time Plaintiffs and the Class Members spend doing preparatory and concluding activities is significant and compensable because these duties are principal activities themselves or are an integral and indispensible part of the employees' principal activities. However, Suddenlink does not pay for these additional work duties. Instead, Suddenlink fails to record and pay for the time spent performing these compensable work duties. Because employees regularly work 40 hours (or more) per workweek, the unrecorded and unpaid time should be paid at time-and-a-half of each employee's regular rate of pay in accordance with the FLSA. Suddenlink's failure to pay for this compensable work is a willful violation of the FLSA.

## VI. PLAINTIFFS' DETAILED FACTUAL ALLEGATIONS

21. Plaintiffs were full-time, nonexempt, telephone-dedicated Suddenlink employees / contact center agents who worked in Defendants' Tyler, Texas location within the three years prior to this complaint being filed. Plaintiffs were paid sales commission in addition to their hourly wages. These sales commissions were not included in the calculation of Plaintiffs' overtime wages.

22. Additionally, Plaintiffs were required, as part of their job, to perform various tasks (including those identified in Paragraphs 18-20) prior to signing on to the phone system and clocking in and after signing off the phone system and clocking out. These activities are principal activities or are integral and indispensible to Plaintiffs' principal activities. Plaintiffs, and the other similarly situated Class Members, are not paid according to the time they actually perform work for Defendants, but rather are paid based on the time they are logged into the phone system (and clocked in) and responding to calls. Defendants are aware of the time employees spend working before and after their assigned and recorded phone shift times.

23. While working as telephone-dedicated employees, Plaintiffs were paid an hourly

rate but were not paid for the actual time they spent doing compensable pre-shift and post-shift duties, including overtime work. Plaintiffs worked more than 40 hours a week performing work duties for Suddenlink, thus requiring the uncompensated pre-shift and post-shift time to be paid at overtime rates. Plaintiffs perform the same or similar additional work duties as those performed by other telephone-dedicated employees working at Suddenlink.

24. As nonexempt employees, Plaintiffs were entitled to be paid at their properly calculated regular rate for each hour worked and were entitled to be paid properly calculated overtime wages for all hours worked in excess of 40 in a workweek. 29 U.S.C. §§ 206(a) & 207(a). Accordingly, Suddenlink's practice of failing to pay properly calculated overtime wages and failing to pay Plaintiffs for the pre- and post-shift work is a clear violation of the FLSA.

25. No exemption excused Suddenlink from paying Plaintiffs at their regular rate for all hours worked or at overtime rates for hours worked over 40 per workweek.

26. Suddenlink was aware of the improper pay practices through complaints from its employees but did not remedy the violation. As such, Suddenlink knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation and the payment of minimum wages to Plaintiffs and the Class Members.

### VII.  COLLECTIVE ACTION ALLEGATIONS

27. Other employees have been victimized by the above-described pattern, practice, and policy which is in willful violation of the FLSA. Many of these employees have worked with Plaintiffs and have reported that they were paid in the same manner as Plaintiffs with no overtime pay for hours worked in excess of 40 per workweek for the pre- and post-shift preparatory and concluding activities and the failure to include the sales commissions in the calculation of their overtime wages as identified above. Thus, from discussion with these

employees and from being told that the improper time-keeping and pay practices are Suddenlink's policy, Plaintiffs are aware that the illegal practices or policies have been imposed on the Class Members.

28. The Class Members' pay was calculated in the same manner whereby their sales commissions were not included in the regular rate calculation of their overtime pay. The Class Members also performed the same or similar telephone-dedicated duties before and after their shifts. Moreover, these nonexempt employees regularly worked more than 40 hours in a workweek. Accordingly, the employees victimized by Suddenlink's unlawful pattern and practices are similarly situated to Plaintiffs in terms of job duties and pay provisions.

29. Suddenlink's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiffs' experience is typical of the experience of the Class Members.

30. The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their precise job requirements or calculation of pay, are entitled to properly calculated overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiffs and the Class Members.

### VIII.  CAUSES OF ACTION

31. Plaintiffs incorporate all allegations contained in paragraphs 1 through 30.

32. During the relevant period, and by way of the facts set forth above, Defendants violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of the FLSA as aforesaid, for work weeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates no less than one-and-one-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs and the Class Members in accordance with the law.

## IX. JURY DEMAND

33. Plaintiffs, individually and on behalf of those similarly situated, request a jury trial.

## X. PRAYER

34. WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendants as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs; and

b. For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

c. For an Order awarding Plaintiffs (and those who have joined in the suit) their attorneys fees; and

d. For and Order awarding Plaintiffs (and those who have joined in the suit) post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

\_\_/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
1404 Rice Road, Suite 200
Tyler, Texas 75701
903-596-7100
469-533-1618 Facsimile

C. D "Chuck" Cowan
The Law Offices of C. D. Cowan, P.C.
TX Bar Card No. 04911150
414 South Bonner Ave.
Tyler, Texas 75702
Tel. No. 903\597-5500
Fax No. 903\597-5598

ATTORNEYS FOR PLAINTIFFS